## F. W. Fries, et al., Appellants, v. Peter Deichmann, Appellee.

1. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Action commenced before justice of the peace. Appeal from the Circuit Court of St. Clair county; the Hon. CHAS. T. MOORE, Judge, presiding. Heard in this court at the August term, 1907. Affirmed. Opinion filed March 18, 1908.

BARTHEL & KLINGEL, for appellants.

CHARLES A. KARCH, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

On March 12, 1904, appellee borrowed $1,200 of appellants, who were engaged in the banking business at New Athens, in St. Clair county, under the name of "Bank of New Athens," and gave them his note secured by real estate for that amount, due one year after date, with interest at the rate of six per cent. per annum from date. Payments were made on the note by appellee, from time to time, and on December 16, 1905, he went to the bank to pay the balance due. The cashier, F. W. Fries, calculated the amount due on the note for principal and interest, and notified appellee of the result. Appellee then paid the amount claimed to be due and appellants surrendered his note and gave him a release deed for the land covered by the mortgage. About a week or ten days later appellants claimed they discovered a mistake had been made in calculating the amount due for the principal of the note, which the cashier figured at $615, when it should in fact have been $715. It is agreed by the parties that the sum of $715 was in fact due upon said note as principal, which amount appellee claims to have paid at the time he took up his note.

The only question presented by this record is whether appellee paid appellants the sum of $715 on the principal of said note, or only the sum of $615 on December 16, 1905. Three witnesses were sworn on behalf of appellants. F. W. Fries, the cashier, swore he calculated the amount due for principal and found it to be $615; that the mistake occurred by treating an indorsement which read "April 20, 1904, Int. Pd. on $100" as a payment of $100 on the principal, instead of merely the payment of the interest on $100; that appellee paid him on the principal the sum of $615 and for interest $27.65, and that a memorandum of said payment was entered upon a slip of paper; that at the same time appellee paid off another note due appellants, which witness said was a note for $112; that appellee paid to him that day the sum of $712 for principal and the interest thereon. Miss Holtz, the assistant cashier, testified she was present at the time appellee made the payment in question and heard the conversation between him and the cashier; that the cashier asked her whether those were the figures she had and she told him "yes," that she had figured it at $615, the same as he; that the cashier then demanded of appellee $615 on the note and the latter paid him that amount and the interest due on it. On cross-examination she said that she did not count the money herself, which was paid by appellee to the cashier, and did not of her own knowledge know the amount of it. Another witness, Mr. Fullmer, a police magistrate of the village, testified that after appellants claimed a mistake of $100 had been made, appellee came to him for advice and brought the note with him for witness to look over, and told him how much he had paid at the time of the last payment. In answer to the question as to how much appellee said he had paid, witness replied "I cannot remember the exact amount, about $600." The memorandum above referred to was also introduced in evidence and was as follows:

"Credit.   L. & Disc. No. 1023.   P. W. Deich-
mann ............................................................. 27.65
Interest................................................................. 27.65

December 16, 1905."

On the contrary appellee swore positively that he paid "over $700" and the interest on the note in question at the time of the settlement.   He admitted that he had at one time owed appellants a note of $112 but stated that he had paid it off a month or a month and a half before the transaction in question.   He denied that he told the witness Fullmer that he paid the cashier some $600.   No other witness testified for the defense but appellee offered and the court admitted in evidence the note in question, together with the mortgage given to secure it and the release deed, all of which had been turned over to him by the cashier. Both the note and the mortgage were marked "Paid Dec. 16, 1905" with a stamp of the "Bank of New Athens, Illinois."

Appellants brought suit against appellee for the $100 which they claim he still owes them.   The case was tried before a jury which found in favor of appellee and judgment was rendered against appellants for costs.

The only question presented is one of fact.   Appellants had surrendered the note and mortgage to appellee and marked them paid and were relying upon the claimed fact that a mistake had been made in calculating the amount due and that appellee had not in fact paid as much as he should have paid.   The burden of proof was upon appellants to prove that a mistake was made and that appellee had not paid the sum of $715 on the principal of the note.   The only ones who swore positively and knowingly as to the amount paid were the cashier and the appellee, who swore directly contrary to each other.   The cashier is to some extent corroborated by the assistant, but she testified that she did not count the money and had no personal knowledge of the amount claimed.   The statement

claimed by the witness Fullmer to have been made to him, was indefinite and is denied by appellee. Appellee is corroborated by the presumption of payment implied in the possession by him of the note and mortgage, with their marks showing payment, stamped on them by appellants.

It is also to be noted that while the cashier admits that appellee paid him $712 and interest that day, yet it does not appear clearly what disposition was made of this money. If $615 only was applied on the principal of the note and $27.65 upon the interest making a total of $642.65, there would remain to be disposed of $69.35. It was said by the cashier that appellee at the same time paid off a note for $112, but the amount remaining after the note in question here was paid, was not sufficient to pay off the note for $112, which the cashier said was also paid and surrendered to appellee and nothing appears in the evidence to show that any payments had before that time been paid upon the latter note. The amount of interest claimed by the cashier to have been paid $27.65, did not quite pay the interest due on $615 from March 12, 1905, to which time all interest upon the note in question was paid, and was of course much too little to pay the interest on $715 for the same time. In fact the accounts between the parties appear even from appellants' evidence to be in some confusion and as in addition to this there was a direct conflict in the evidence, it was extremely difficult, if indeed possible to determine the real facts in the case.

Under the circumstances the verdict of a jury should not be disturbed. The judgment of the court below will be affirmed.

*Affirmed.*